**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

UNITED STATES OF AMERICA

v.

NICOLAE GINDAC,                                    Criminal Action No. TDC-20-0317

Defendant.

## MEMORANDUM ORDER

Defendant Nicolae Gindac, a federal prisoner at the Federal Medical Center Butner ("FMC-Butner") in Butner, North Carolina, has filed a Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). ECF No. 505. In his Motion, Gindac seeks release or a sentence reduction based primarily on his assertion that it is warranted by his medical condition, specifically, end-stage renal failure.

On June 29, 2021, Gindac pleaded guilty to conspiracy to commit bank fraud and wire fraud, in violation of 18 U.S.C. § 1349. On December 21, 2021, Gindac was sentenced to a term of imprisonment of 54 months, to be followed by three years of supervised release. Factoring in credit for pretrial detention and projected good time credits, Gindac is currently scheduled to be released on December 29, 2024.

## DISCUSSION

Ordinarily, "[t]he court may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c) (2018). This general rule is subject to certain exceptions, including the compassionate release provision, which allows the Bureau of Prisons ("BOP") to seek a modification of a prisoner's sentence. *See id.* § 3582(c)(1)(A). Under the First Step Act of 2018,

Pub. L. No. 115-391, 132 Stat. 5194 (2018), the compassionate release provision was modified to also allow prisoners to seek a sentencing reduction directly from the Court. The provision now provides, in relevant part, that:

> The court may not modify a term of imprisonment once it has been imposed except that:
>
> (1)    in any case that—
>
> (A)    the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i)    extraordinary and compelling reasons warrant such a reduction;
>
> *   *   *
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

18 U.S.C. § 3582(c)(1)(A). Gindac, through counsel, has made a request for compassionate release or a sentence reduction to the Warden of his prison, which was denied. Accordingly, Gindac has exhausted administrative remedies.

## I.    Extraordinary and Compelling Reasons

Gindac primarily argues that release or a sentence reduction is warranted because he has end-stage renal failure. A serious medical condition can provide extraordinary and compelling reasons for a sentence reduction. For example, in the recently adopted policy statement within the United States Sentencing Guidelines ("U.S.S.G." or "the Guidelines") that applies to motions under 18 U.S.C. § 3482(c)(1)(A), the medical circumstances of the defendant meet this standard

2

under a variety of circumstances, including if the defendant is "suffering from a terminal illness"; is "suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover"; or if the defendant is "suffering from a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death." U.S.S.G. § 1B1.13. Where Gindac filed his Motion before the amendment adding these provisions took effect, and the amendment arguably narrows the range of potential extraordinary and compelling reasons from those previously in effect, the Court does not find that it is required to apply the new policy statement to find that Gindac's medical condition specifically meets one of these conditions. *See* U.S.S.G. § 1B1.11 (stating that the court should apply the Guidelines Manual in effect at the time of sentencing unless it would violate *ex post facto* clause); *United States v. McCoy*, 981 F.3d 271, 283 (4th Cir. 2020) (holding that courts were not limited to extraordinary and compelling reasons referenced in the policy statement of the version of U.S.S.G. § 1B1.13 pre-dating the November 2023 amendments because it related to requests for compassionate release made to the BOP, not to the courts). Nevertheless, it is illustrative. Upon a review of Gindac's medical records submitted by both sides, the Court does not find that Gindac has a terminal illness, and it finds that Gindac is receiving long-term, specialized medical care for his end-stage renal failure. Specifically, since late 2022, Gindac has been designated to FMC-Butner, which is a BOP facility which specializes in providing medical care for significant medical conditions. The medical records from FMC-Butner demonstrate that Gindac has consistently received dialysis since he entered that facility, and he also receives regular medical treatment, including numerous medications, for that and other conditions. Thus, while Gindac has a serious medical condition,

3

where he is receiving regular treatment for that disease at a specialized medical facility, the Court does not find that there are extraordinary and compelling reasons warranting release or a sentence reduction.

## II.      18 U.S.C. § 3553(a)

Even if the Court were to find that Gindac's medical condition provides extraordinary and compelling reasons, before granting a sentence reduction, the Court must also consider the factors in 18 U.S.C. § 3553(a). Here, the nature and circumstances of this offense were very serious in that Gindac was one of the leaders of a multi-state conspiracy to steal hundreds of checks out of church mailboxes, including donation checks, and deposit them into fraudulent bank accounts for the benefit of the co-conspirators. Numerous victims submitted victim impact statements attesting to the adverse impact on the churches and on the level of trust between the churches and their members. A reduced sentence at this point would result in a sentence that is not sufficient to reflect the seriousness of the offense, promote respect for the law, provide just punishment, and provide adequate deterrence. Moreover, because Gindac was one of the leaders of the conspiracy, a reduced sentence, even for medical reasons, would create an unfair difference in sentences, particularly among less culpable defendants, who may end up serving longer prison sentences than Gindac. As for Gindac's history and characteristics, when addressing this factor at sentencing, the Court specifically considered his kidney condition and imposed a lower sentence than it otherwise have in recognition of how that condition would make his time in prison more difficult, so an additional reduction on the same basis is not warranted. Based on all of these considerations, the Court finds that a sentence reduction is not compatible with the § 3553(a) factors. Accordingly, even if Gindac's medical condition were deemed to be extraordinary and compelling reasons, the Court would nevertheless deny the Motion.

4

## **CONCLUSION**

For the foregoing reasons, it is hereby ORDERED that Gindac's Motion for Compassionate

Release Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), ECF No. 505, is DENIED.

Date: November 21, 2023



THEODORE D. CHUANG
United States District Judge